UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Criminal Case No. 3:13-cr-144 |
| | : | Civil Case No.     3:15-cv-003 |
| vs. | : | |
| | : | Judge Timothy S. Black |
| DUSTIN HENSLEY, | : | |
| | : | |
| Defendant. | : | |

**ORDER DENYING DEFENDANT'S
MOTION TO VACATE SENTENCE (Doc. 38)**

This case is before the Court on Defendant's motion to vacate and correct sentence pursuant to 28 U.S.C. § 2255.  (Doc. 38).

**I.  BACKGROUND**

On September 30, 2013, Defendant Dustin Hensley was charged in a three-count Information with production of child pornography (Count One), distribution of child pornography (Count Two), and possession of child pornography (Count Three), in violation of 18 U.S.C. §§ 2251(a), 2252(a)(2), and 2252(a)(4), respectively.  (Doc. 12). Defendant was concurrently charged in Clark County, Ohio, for state offenses arising out of the same conduct.[1]  (Doc. 16 at ¶ 18; Doc. 39 at 5:20-24, 18:10-18).

On November 7, 2013, Defendant appeared before this Court and pled guilty to all three counts charged in the Information, pursuant to a Rule 11(c)(1)(C) plea agreement. (Doc. 14).  The plea agreement proposed an aggregate term of 300 months incarceration

---

[1] Defendant was charged, and subsequently convicted, in the Clark County Court of Common Pleas (Case No. 13-CR-0682), as to two counts of sexual battery in violation of Ohio Rev. Code § 2907.03(A)(5).  (Doc. 16 at ¶ 18).

followed by at least ten years of supervised release, an order of restitution to be determined by the Court, no fine, payment of the mandatory special assessment, and forfeiture. (Doc. 16). The proposed sentence represented a global resolution to Defendant's federal and state charges.[2]  (*Id*. at ¶ 18).

Defendant's plea agreement included a "Waiver of Appellate and Collateral Attack Rights," which stated that:

> Defendant waives his right to appeal, including the appeal right conferred by 18 U.S.C. § 3742, except that Defendant retains the right to appeal if the United States files an appeal, or if the Court imposes a sentence above the statutory maximum.[3]  Defendant waives his right to attack his conviction or sentence collaterally through a post-conviction proceeding, **including proceedings under 28 U.S.C. § 2255** and 18 U.S.C. § 3582.

(Doc. 16 at ¶ 13) (emphasis added). During the plea hearing, each paragraph of the plea agreement, including the appellate and collateral attack waiver, was orally summarized for the record. (Doc. 39 at 17:16-17). Also, the Court specifically asked Defendant if he understood the consequences of the waiver and whether he had discussed it with his attorney. (*Id*. at 22:1-8). Defendant responded affirmatively to both inquires. (*Id*.)

The Court also addressed the "Statement of Facts" attached to the plea agreement. (Doc. 39 at 22:9-14). Defendant assured the Court that he had carefully read the "Statement of Facts," and additionally, that he had read and discussed the facts with his

---

[2] Under the "global resolution," if Defendant complied fully with both the plea agreement in the instant case and the separate plea agreement in the pending state proceedings, the Clark County Prosecutor agreed to recommend that any sentence imposed by the state court run concurrent to the term of 300 months imprisonment imposed by this Court. (Doc. 16 at ¶ 18).

[3] Neither Defendant, nor the Government filed a direct appeal in this case. Further, Defendant's sentence of 300 months imprisonment (*i.e.*, 25 years) is below the statutory maximum, as Count One alone (the production charge) carries a statutory maximum of 360 months (*i.e.*, 30 years). *See* 18 U.S.C. § 2251(e).

2

defense counsel. (*Id*. at 22:15-23:10). Finally, Defendant unequivocally affirmed that the facts were accurate.[4] (*Id*. at 23:3-10).

Defendant acknowledged that he read, understood, and accepted all of the terms of the binding plea agreement, including the appellate and collateral attack waiver, and further affirmed the accuracy of the underlying factual basis. (Doc. 39). He repeatedly acknowledged that his pleas of guilty were entered knowingly and voluntarily, and because he was in fact guilty of the offenses.[5] (*Id*. at 6:17-23:21).

Having conducted a thorough colloquy, the Court accepted Defendant's guilty plea as knowingly, voluntarily, and intelligently made (*Id*. at 23:22-24:18), and further accepted the binding Rule 11(c)(1)(C) plea agreement (*Id*. at 21:15-21, 24:20-25:2). Therefore, at the time of Defendant's plea hearing, the Court effectively bound itself to imposing a sentence of 300 months incarceration as proposed in the plea agreement. (*Id*.)

---

[4] Defendant's assurances regarding the accuracy of the "Statement of Facts" occurred as follows:

> The Court: Mr. Hensley, have you read this statement of facts that is presented here?
> Defendant: Yes, sir, I have.
> The Court: You have looked at it really carefully?
> Defendant: Yes, sir.
> The Court: Is what is written down in this statement of facts correct?
> Defendant: Yes, Your Honor.
> The Court: Is it in any way incorrect?
> Defendant: No, Your Honor.
> The Court: Are you certain?
> Defendant: Yes, sir.

(Doc. 39 at 22:22-23:10).

[5] Prior to his arrest for the instant offenses, Defendant was employed as a Clark County Sheriff's Deputy for approximately a decade. (PSR at ¶¶ 101-02). Therefore, while Defendant is not an attorney, he is also no stranger to legal and criminal matters. Defendant's career in law enforcement lends further assurance that Defendant understood the nature of the proceedings, the constitutional rights he was waiving, and the consequences of his decision to plead guilty pursuant to the plea agreement.

True to its word, on January 16, 2014, the Court sentenced Defendant according to the terms of the binding plea agreement. (Doc. 27).

On January 5, 2015, Defendant filed a motion to vacate and correct his sentence pursuant to 28 U.S.C. § 2255, raising four claims of ineffective assistance of counsel. (Doc. 38). However, as Defendant waived his right to collaterally attack his conviction and sentence (Doc. 16 at ¶ 13), he is barred from bringing this motion. Further, the Court declines to hold an evidentiary hearing, as the record conclusively shows that Defendant is not entitled to relief. *See* 28 U.S.C. § 2255(b); *United States v. Valentine*, 488 F.3d 325, 333 (6th Cir. 2007).

## II.  ANALYSIS

Defendant alleges four claims of ineffective assistance of counsel as grounds for relief. (Doc. 38). To demonstrate ineffective assistance of counsel, Defendant must make two showings: (1) that counsel's performance was deficient; and (2) that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). However, if Defendant's collateral attack waiver is enforceable, it will bar Defendant's motion and preclude relief without further review. *See Davila v. United States*, 258 F.3d 448, 452-53 (6th Cir. 2001).

A criminal defendant "may waive any right, even a constitutional right, by means of a plea agreement." *United States v. Fleming*, 239 F.3d 761, 763-64 (6th Cir. 2001) (citations and internal quotation marks omitted). An appellate or collateral attack waiver is enforceable if it was agreed to knowingly and voluntarily. *See, e.g., In re Acosta*, 480 F.3d 421, 422 (6th Cir. 2007). If "a defendant knowingly, intelligently, and voluntarily

4

waives the right to collaterally attack his or her sentence, he or she is precluded from bringing a claim of ineffective assistance of counsel based on 28 U.S.C. § 2255." *Davila*, 258 F.3d 448 at 451.  The only exception to this general rule, however, is "when the ineffective assistance of counsel claims relate directly to the plea agreement or the waiver."  *Id*.; *see Jones v. United States*, 167 F.3d 1142, 1145 (7th Cir. 1999) ("a claim of ineffective assistance of counsel in connection with the negotiation of a cooperation agreement cannot be barred by the agreement itself-the very product of the alleged ineffectiveness").[6]

Here, Defendant's collateral attack waiver is enforceable, as his claims of ineffective assistance of counsel do not meet the "waiver exception."  Defendant's first, third, and fourth claims are plainly allegations of trial counsel's deficient performance <u>at sentencing</u>.  (Doc. 38).  None of these claims attack the validity of Defendant's guilty plea, nor do they challenge trial counsel's performance with regard to the plea agreement

---

[6] *See also, United States v. White*, 307 F.3d 336, 343 (**5th Cir.** 2002) ("an ineffective assistance of counsel argument survives a waiver of appeal only when the claimed assistance directly affected the validity of that waiver or the plea itself"); *United States v. Cockerham*, 237 F.3d 1179, 1188 (**10th Cir.** 2001) ("[b]ecause Defendant's § 2255 ineffective assistance claim regarding sentencing … does not relate to the validity of the plea or the waiver, we hold that he has waived the right to bring that challenge so long as he knowingly and voluntarily entered the plea and made the waiver"); *Jones v. United States*, 167 F.3d 1141, 1145 (**7th Cir.** 1999) ("waivers are enforceable as a general rule; the right to mount a collateral attack pursuant to § 2255 survives only with respect to those discrete claims which relate directly to the negotiation of the waiver"); *United States v. Djelevic*, 161 F.3d 104, 107 (**2d Cir**. 1998) ("despite [Defendant's] effort to dress up his claim as a violation of the Sixth Amendment, [Defendant] in reality is challenging the correctness of his sentence … If we were to allow a claim of ineffective assistance of counsel at sentencing as a means of circumventing plain language in a waiver agreement, the waiver of appeal provision would be rendered meaningless").

or waiver itself. (*Id*.) Accordingly, Claims One, Three, and Four, do not impact enforcement of Defendant's collateral attack waiver.[7] *See, e.g., Davila*, 258 F.3d at 451.

Defendant's second claim also fails to render the collateral attack waiver unenforceable. However, because Claim Two *may* be construed as an attempt to challenge Defendant's guilty plea (albeit as to one of the three counts of conviction), it warrants additional consideration. (Doc. 38 at 5-6). In Claim Two, Defendant alleges that his trial counsel was ineffective for "fail[ing] to argue [the] Distribution charge where defendant did not knowingly or intentionally commit the offense." (Doc. 38 at 5). Defendant proceeds to argue that his use of a peer-to-peer file-sharing program allowed "strangers, without the permission of the user/defendant, to reach into the unsuspecting user's computer and take an image or file." (*Id*.) Essentially, Defendant alleges that because he did not <u>actively</u> participate in transferring the files, his conduct did not meet the statutory elements of the distribution charge (18 U.S.C. § 2252(a)(2)). (*Id*.) However, trial counsel was not ineffective for failing to make this argument, because the argument itself is erroneous.

First, Defendant relies on an incorrect recitation and interpretation of the statute. Pursuant to 18 U.S.C. § 2252(a)(2), a violation occurs when a person <u>knowingly</u> receives

---

[7] It also bears repeating that the Court **accepted** Defendant's binding Rule 11(c)(1)(C) plea agreement at the time of his plea hearing (*i.e.*, prior to his sentencing hearing). (Doc. 39 at 21:15-21, 24:20-25:2). Accordingly, at the time of sentencing, the Court was already bound by the terms of the plea agreement and was required to impose a sentence of 300 months imprisonment. (*Id*.) Therefore, even if trial counsel's performance were "deficient," Defendant cannot show that he was prejudiced, as the Court's prior acceptance of the plea agreement precluded any change to the outcome of his case (*i.e.*, the imposition of a 300 month sentence). *See Strickland v. Washington*, 466 U.S. 668, 694 ("defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different").

or distributes a visual depiction of a minor engaging in sexually explicit conduct, that has been shipped or transported in or affecting interstate commerce, by any means, including a computer.  Peer-to-peer file-sharing computer programs are, by design, a means for receipt and distribution of files (*e.g.*, music, images, and videos).  Indeed, receiving and distributing files is the core intent and function of a peer-to-peer file-sharing program. *See United States v. Dodd*, 598 F.3d 449, 452 (8th Cir. 2010) ("the purpose of a file sharing program is to share, in other words, to distribute").  Accordingly, the purpose and function of the program itself tends to belie the assertion that its use does not constitute "knowing" receipt or distribution.[8]

Further, Defendant's position that his allegedly passive role does not equate to "distribution" has been widely rejected.  *See, e.g., United States v. Ziska,* Case No. 14-3147, 2015 WL 1036129, at *5 (6th Cir. Mar. 10, 2015) (re-affirming that "<u>sharing</u> child pornography on peer-to-peer networks … constitutes <u>distribution</u>")[9] (emphasis added); *United States v. Chiaradio*, 684 F.3d 265, 282 (1st Cir. 2012) ("[w]hen an individual consciously makes files available for others to take and those files are in fact taken,

---

[8] Defendant specifically used a peer-to-peer sharing program called Ares. (Doc. 38 at 5).  The Ares website provides the following general description of the program:

> Ares is a free open source bittorent and chat program that enables users to share any digital file including images, audio, video, software, documents, etc. You may now easily publish your files through the Ares peer to peer network. As a member of the virtual community, you can search and download just about any file shared by other users.

Ares, http://aresgalaxy.sourceforge.net/index.htm (last visited Mar. 23, 2015).

[9] This case resolves whether the use of peer-to-peer sharing programs constitutes "distribution" of child pornography in the context of a sentencing enhancement under U.S.S.G. § 2G2.2.

7

distribution has occurred"); *United States v. Shaffer*, 472 F.3d 1219, 1223 (10th Cir. 2007) (finding "distribution" has occurred even though "[the defendant] may not have <u>actively</u> pushed pornography on [peer-to-peer] users, but he <u>freely allowed them access</u> to his computerized stash of images and videos") (emphasis added).

Finally, Defendant unequivocally admitted in his "Statement of Facts" (which he assured this Court was entirely accurate) to <u>knowing</u> that others could download any files he placed in his peer-to-peer "shared folder." (Doc. 16-1 at 5).[10]  This acknowledgement discredits his current attempt to portray himself as an "unsuspecting user."

For the reasons stated, Defendant's argument in support of his second claim is erroneous and, therefore, Defendant's trial counsel was not ineffective for failing to make the argument.  Further, as the argument would have failed, Defendant was not prejudiced by its omission.  As the erroneous Claim Two was Defendant's only claim that could arguably be construed as a challenge related to trial counsel's performance regarding the plea agreement or waiver, Defendant fails to meet the waiver exception.  *See e.g., Davila*, 258 F.3d at 451.  Accordingly, Defendant's collateral attack waiver is enforceable to bar the instant motion.

### III. CONCLUSION

Based upon the foregoing, Defendant's motion to vacate under 28 U.S.C. § 2255 (Doc. 38) is **DENIED**.  Further, having considered the standard of 28 U.S.C. § 2253(c), the Court **DENIES** the issuance of a certificate of appealability.

---

[10] Defendant's plea agreement is generally accessible on the docket; however, the accompanying "Statement of Facts" is sealed.

**IT IS SO ORDERED**.

Date:  3/30/2015                                                                             *s/ Timothy S. Black*
                                                                                             Timothy S. Black
                                                                                             United States District Judge