UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 3:13-cr-144 |
| | : | |
| vs. | : | Judge Timothy S. Black |
| | : | |
| DUSTIN HENSLEY, | : | |
| | : | |
| Defendant. | : | |

**ORDER DENYING DEFENDANT'S MOTION
FOR COMPASSIONATE RELEASE**

This criminal case is before the Court on Defendant's motion for compassionate release and defense counsel's supplemental memorandum in support (Docs. 43, 46),[1] the Government's response in opposition (Doc. 48), Defendant's *pro se* reply memorandum (Doc. 49), and Defendant's supplemental documentation (Docs. 50, 51, 52, 53, 55).[2]

## I. BACKGROUND

On September 30, 2013, Defendant Dustin Hensley was charged by way of a three-count Information with: production of child pornography, in violation of 18 U.S.C. § 2251(a), (e) (Count 1); distribution of child pornography, in violation of 18 U.S.C. § 2252(a)(2), (b)(1) (Count 2); and possession of child pornography 18 U.S.C. § 2252 (a)(4)(B), (b)(2) (Count 3). (Doc. 13). As charged, Defendant was subject to a

---

[1] Defendant initially filed his motion for compassionate release *pro se*. (Doc. 43). The Court appointed counsel on behalf of Defendant. (Doc. 44). Pursuant to the Southern District of Ohio's Amended General Order 20-21, appointed counsel subsequently filed a supplemental memorandum supporting Defendant's motion for compassionate release. (Doc. 46).

[2] Docs. 50 and 53 were submitted through counsel; Docs. 51, 52, and 55 were submitted by Defendant *pro se*.

mandatory minimum term of 15 years up to 30 years imprisonment on Count 1, as well as a mandatory minimum term of 5 years up to 20 years imprisonment on Count 2, and up to 10 years imprisonment on Count 3. 18 U.S.C. §§ 2251(e), 2252(b)(1), (2). Defendant was concurrently charged in Clark County, Ohio, for state offenses arising out of the same conduct.[3] (Doc. 16 at ¶ 18; Doc. 39 at 5:20-24, 18:10-18).

On November 7, 2013, Defendant appeared before the Court and, upon waiving Indictment, entered a plea of guilty to Counts 1, 2, and 3 of the Information, pursuant to a Rule 11(c)(1)(C) plea agreement. (Doc. 16). Specifically, the plea agreement provided a proposed binding aggregate sentence of 300 months imprisonment, followed by at least 10 years of supervised release, restitution to be determined by the Court, payment of the mandatory special assessment, and forfeiture. (*Id.*) The proposed sentence represented a global resolution to Defendant's federal and state charges.[4] (*Id.* at ¶ 18).

At the time of his plea hearing, Defendant admitted to the facts set forth in his Statement of Facts. (Doc. 16-1). In sum, Defendant admitted to repeatedly coercing a minor victim to engage in sexually explicit conduct with him, while the minor victim was in Defendant's care and custody. (*Id.*) Defendant also admitted to producing a video depicting Defendant and the minor victim engaging in sexually explicit conduct. (*Id.*)

---

[3] Defendant was charged, and subsequently convicted, in the Clark County Court of Common Pleas (Case No. 13-CR-0682), as to two counts of sexual battery in violation of Ohio Rev. Code § 2907.03(A)(5). (Doc. 16 at ¶ 18).

[4] Under the "global resolution," if Defendant complied fully with both the plea agreement in the instant case and the separate plea agreement in the pending state proceedings, the Clark County Prosecutor agreed to recommend that any sentence imposed by the state court run concurrent to the term of 300 months imprisonment imposed by this Court. (Doc. 16 at ¶ 18).

Defendant further admitted that he knowingly possessed, distributed, and attempted to distribute child pornography. (*Id.*)

Ultimately, the Court accepted Defendant's pleas of guilty and, further, accepted the parties' proposed Rule 11(c)(1)(C) plea agreement. (Doc. 39 at 21, 23-25). The Court ordered the preparation of a Presentence Investigation Report ("PSR") and remanded Defendant to custody pending sentencing. (*Id*. at 25, 27).

Defendant's final PSR was completed on December 11, 2013. As stated in the PSR and ultimately calculated by the Court, Defendant's offense conduct resulted in a Total Offense Level of 43, a Criminal History Category I, and a Guideline sentence of 360 months imprisonment.[5] (PSR at 29). On January 16, 2014, Defendant was sentenced to 300 months imprisonment, followed by 10 years of supervised release. (Doc. 28, 36).[6]

## II. STANDARD OF REVIEW

"[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment," and "the court may not modify a term of imprisonment once it has been imposed," subject to limited exceptions. 18 U.S.C. § 3582(b), (c); *Dillon v. United States*, 560 U.S. 817, 824 (2010). One such exception permits the Court to reduce a term of imprisonment, either upon a motion brought by the Bureau of Prisons ("BOP"), or on

---

[5] For a Total Offense Level of 43 and Criminal History Category I, the Guidelines recommend a LIFE sentence. However, because the statutory maximum term was 30 years (360 months) imprisonment, the Guideline recommendation was reduced, pursuant to USSG § 5G1.1(a).

[6] On April 16, 2014, after hearing the parties' positions on the Government's motion for order of restitution, the Court entered an Amended Judgment, which Amended Judgment included restitution. (Doc. 36).

3

the defendant's own motion, seeking compassionate release. *Id*. at § 3582(c)(1)(A)(i). A defendant may file a motion for compassionate release with the Court after exhausting the BOP's administrative process, or thirty days after the warden receives the defendant's compassionate release request, whichever is earlier. *Id*. at § 3582(c)(1)(A).

To grant a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), the Court must: **first**, find that "extraordinary and compelling reasons warrant [] reduction [of the sentence]"; **second**, find that the reduction is "consistent with applicable policy statements issued by the Sentencing Commission" (specifically, U.S.S.G. § 1B1.13); and **third**, consider the applicable 18 U.S.C. § 3553(a) factors. *United States v. Elias*, 984 F.3d 516, 518 (6th Cir. 2021) (citing *United States v. Jones*, 980 F.3d 1098, 1101 (6th Cir. 2020).

However, pursuant to Sixth Circuit precedent, the second step of the Court's three-step § 3582(c)(1)(A) inquiry—*i.e.*, finding that the reduction is consistent with U.S.S.G. § 1B1.13—does **not** apply to motions brought by the *defendant*. *Jones*, 980 F.3d at 1109 (citing *United States v. Brooker*, 976 F.3d 228, 234 (2d Cir. 2020)); *Elias*, 984 F.3d at 519 (noting the Sixth Circuit's holding is consistent with the Second, Fourth, and Seventh Circuits, as well as the majority of district courts).

"The district court has substantial discretion," in deciding a motion for compassionate release. *United States v. Ruffin*, 978 F.3d 1000, 1005 (6th Cir. 2020) ("The statute says that the district court 'may' reduce a sentence if it finds the first two requirements met; it does not say that the district court must do so").

4

Defendant bears the burden of showing that he is entitled to compassionate release. *E.g.*, *United States v. Kannell*, No. 20-12635, 2021 WL 223485, at *1 (11th Cir. Jan. 22, 2021) ("The movant bears the burden of proving entitlement to relief under section 3582"); *United States v. Melgarejo*, 830 F. App'x 776, 778 (7th Cir. 2020) ("[the defendant] did not meet his burden of demonstrating that his circumstances were extraordinary and compelling"); *cf. United States v. McClain*, 691 F.3d 774, 777 (6th Cir. 2012) (holding that the defendant bears the burden to show he is entitled to reduction of sentence under 18 U.S.C. § 3582(c)(2)).

### III. ANALYSIS

Here, Defendant has brought his own motion for compassionate release (as opposed to a motion brought by the BOP), and, therefore, the Court must undertake the first and third steps of the § 3582(c)(1)(A) inquiry. Accordingly, the Court will consider whether "extraordinary and compelling reasons" warrant a reduction in Defendant's sentence and, if so, will further consider whether such a reduction is warranted in light of the relevant section 3553(a) factors.

#### A. Extraordinary and Compelling Circumstances

First, the Court must find that "extraordinary and compelling reasons warrant [the sentencing] reduction." 18 U.S.C. § 3582(c)(1)(A)(i). The statute does not define the term "extraordinary and compelling reasons," and Congress delegated the task to United States Sentencing Commission. *See Ruffin*, 978 F.3d at 1004. However, "[i]n cases where incarcerated persons file motions for compassionate release, <u>federal judges …</u>

5

have full discretion to define 'extraordinary and compelling' without consulting the policy statement § 1B1.13." *Jones*, 980 F.3d at 1111 (emphasis added).

Here, Defendant asserts that there is an extraordinary and compelling reason to modify his sentence because Defendant is needed at home to care for family. (Docs. 43, 46). Specifically, Defendant states that he is needed to care for his grandmother, who suffers from a heart condition and suppressed immune system; his mother, who is a cancer survivor; and his father, who suffered a massive heart attack, resulting in open-heart surgery. (Doc. 43; Doc. 46 at 5). Moreover, although Defendant has a sister, Defendant contends that she does not have time to care for their family, given her own family and work; thus, he is the only person with the capacity to care for his grandmother and parents. (*E.g.*, Doc. 49 at 3-4; Doc. 53).

Even accepting as true the assertion that Defendant's close family is unable or unwilling to take on the responsibly of caring for his grandmother and parents, "[a]n inmate's need or desire to care for an aging parent does not constitute an extraordinary and compelling reason for release." *United States v. Apostelos*, No. 3:15-CR-403 (1), 2023 WL 2376972, at *6 (S.D. Ohio Mar. 6, 2023) (collecting cases). Indeed, the need to care for family is a problem faced by many incarcerated individuals. Thus, Defendant has not shown an extraordinary and compelling reason for early release.

## B. 18 U.S.C. § 3553(a) Factors

Having found that no "extraordinary and compelling reasons" exist to warrant compassionate release, the Court may deny the motion on that finding alone. *See Elias*, 984 F.3d at 519 ("[D]istrict courts may deny compassionate-release motions when any of

6

the [required] prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others") (citing *Jones*, 980 F.3d at 1108; *Ruffin*, 978 F.3d at 1006). However, even assuming *arguendo* that "extraordinary and compelling reasons" existed, the Court nevertheless finds that reduction is not warranted based upon its consideration of all applicable § 3553(a) factors.

At the time of sentencing, this Court, upon consideration of all applicable 18 U.S.C. § 3553(a) factors, sentenced Defendant to a term of 300 months imprisonment. To date, Defendant has served approximately 117 months. For purposes of Defendant's motion, the Court has once again considered the applicable 18 U.S.C. § 3553(a) factors and, having done so, continues to find that the imposed sentence is appropriate.

Notably, and despite the defense's apparent assertions to the contrary (*see* Doc. 46 at 7), Defendant's conduct, comparatively or otherwise, is overwhelmingly serious. Defendant, a Deputy with the Clark County Sheriff's Office, groomed, sexually abused, and exploited a 14-year-old victim, in his custody and care, repeatedly, over the course of a year. Defendant's current remorse for his conduct does nothing to minimize the extraordinary risk that Defendant poses to the community if released.

In short, the Court finds that its imposed sentence of 300 months imprisonment is sufficient but not greater than necessary, and further finds that any reduction of Defendant's sentence would fail to fully address the purposes of sentencing.

## IV. CONCLUSION

Based upon the foregoing, Defendant's motion for compassionate release (Doc. 43) is **DENIED**.

**IT IS SO ORDERED.**

Date: 12/21/2023                                                     *s/ Timothy S. Black*
                                                                                  Timothy S. Black
                                                                                  United States District Judge